UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ALLAN FETTE,

                Petitioner,            Case No. 4:20-cv-10020
                                         Hon. Matthew F. Leitman

v.

CONNIE HORTON,

                Respondent.

_____/

## OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 8); (2) DENYING PETITIONER'S MOTION TO PROCEED TIMELY (ECF No. 2); (3) DISMISSING PETITION (ECF No. 1); (4) DENYING A CERTIFICATE OF APPEALABILITY; AND (5) GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS

Petitioner Christopher Allan Fette is a state prisoner in the custody of the Michigan Department of Corrections.  In 2009, Fette pleaded guilty in the Oakland County Circuit Court to charges of third-degree criminal sexual conduct and fourth-degree criminal sexual conduct in violation of MICH. COMP. LAWS §§ 750.520d(1)(a) and 750.520e(1)(a).  The state trial court then sentenced Fette to a controlling sentence of 18 to 30 years' imprisonment.

On January 3, 2020, Fette filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (*See* Pet., ECF No. 1.)  The petition raises five claims: (1) Fette's mental illness rendered him incompetent to plead guilty and his

counsel was ineffective for failing to ask for a competency evaluation, (2) Fette's sentence erroneously exceeded the guidelines range and is disproportionate to his crime, (3) Fette was misadvised of his maximum sentence at the time of his plea, (4) Fette was denied the effective assistance of counsel at sentencing, and (5) Fette was denied the effective assistance of appellate counsel. (*See id.*)

On July 10, 2020, Respondent filed a motion to dismiss the petition because it was filed after expiration of the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d). (*See* Mot. to Dismiss, ECF No. 2.)  Fette does not argue that his petition is timely.  Instead, in both his own motion (*see* Mot. to Proceed Timely, ECF No. 2) and in response to Respondent's motion (*see* Fette Resp., ECF No. 10), Fette insists that the Court should excuse his late filing under the doctrine of equitable tolling.  The Court disagrees.  For all of the reasons stated below, the Court concludes that Fette did not timely file his petition and that he is not entitled to equitable tolling.  The Court therefore **GRANTS** Respondent's motion, **DENIES** Fette's motion, and **DISMISSES** Fette's petition **WITH PREJUDICE**.

## I

On March 12, 2009, Fette pleaded guilty to the offenses described above. The state trial court sentenced him on April 10, 2009. In August of 2009, Fette filed a timely delayed application for leave to appeal with the Michigan Court of Appeals. On October 7, 2009, the Michigan Court of Appeals issued an order remanding the

case to the state trial court to correct an error in the judgment of sentence regarding costs and fees. (*See* Michigan Court of Appeals Order, ECF No. 9-4, PageID.244.) Fette then filed an application for leave to appeal in the Michigan Supreme Court. That court denied the application by form order on February 26, 2010. (*See* Michigan Supreme Court Order, ECF No 9-5, PageID.269.)

Fette then filed a federal habeas petition on May 18, 2011. That petition was summarily dismissed without prejudice because it contained unexhausted claims. (*See Fette v. Michigan*, Case No. 11-cv-12177, ECF No. 5 (E.D. Mich. June 20, 2011).) The order dismissing the petition specifically informed Fette that the applicable statute of limitations would be tolled if he "present[ed] his unexhausted claims to the state court within thirty (30) days from the date of this order and (2) [Fette] return[ed] to this Court within thirty (30) days of exhausting his state court remedies." (*Id*., PageID.20.)  It does not appear that Fette took any action to present his claims to the state court within that time frame.

On September 4, 2015, more than four years later, Fette filed a motion for relief from judgment in the trial court. (*See* Mot. for Relief from J., ECF No .9-6.) The state trial court denied the motion in a written order dated November 30, 2015. (*See* State Ct. Order, ECF No. 9-7, PageID.439-444.). In May 2016, Fette filed a timely delayed application for leave to appeal in the Michigan Court of Appeals. That court denied the application in a standard order dated November 3, 2016. (*See*

3

Michigan Court of Appeals Order, ECF No. 9-7, PageID.389.) Fette then timely applied for leave to appeal in the Michigan Supreme Court. That Court denied his application in a written order dated October 2, 2018. (*See* Michigan Supreme Court Order, ECF No. 9-8, PageID.479.)

Fette did not return to this Court within 30 days of the Michigan Supreme Court's denial of his application for leave to appeal. Instead, Fette filed his second (and current) habeas petition on December 26, 2019, more than a year after he exhausted his state court remedies.

## II

Respondent has now moved to dismiss Fette's petition as untimely. (*See* Mot. to Dismiss, ECF No. 8.) Although Respondent calls the motion a motion to dismiss, it is properly construed as a motion for summary judgment because the motion and the record before the Court includes documents outside of the pleadings. *See e.g., Anderson v. Place*, 2017 WL 1549763, at *2 (E.D. Mich. May 1, 2017) (construing motion to dismiss habeas petition as one for summary judgment). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court will construe all facts in a light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could

4

not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. *See Redmond v. Jackson*, 295 F.Supp.2d 767, 770 (E.D. Mich. 2003).

## III

This case is governed by a deadline found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA establishes a one-year period of limitation for state prisoners to file a federal application for the writ of habeas corpus. *See Wall v. Kholi,* 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The limitation period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Under that section, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Fette's time for seeking direct review expired on May 27, 2010.[1]  Fette therefore had until one year later – May 27, 2011 – to file a federal habeas petition.

## IV

Fette's current habeas petition was not timely filed under AEDPA's one-year statute of limitations.  As described above, Fette needed to file his petition by no later than May 27, 2011.  He did not.  Instead, he filed this petition more than eight years later, in December 2019.  Fette's petition is therefore untimely.

Fette's filing of a motion for relief from judgment in the state trial court during this intervening period does not render his current application timely.  It is true that

---

[1] The Michigan Supreme Court denied Fette's application for leave to appeal from his direct appeal February 26, 2010. (*See* Michigan Supreme Court Order, ECF No 9-5, PageID.269.)  Fette then had 90 days – or until May 27, 2020 – to seek review of his conviction in the United States Supreme Court.  When Fette failed to do so, his conviction became final on that date (May 27, 2020). *See Bronaugh v. Ohio*, 235 F.3d 280, 28 (6th Cir. 2000).

AEDPA's limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). But Fette did not file his post-conviction motion in state court until after long after AEDPA's one-year limitations period had already expired.  Thus, the filing of that motion did not toll or reset the limitations period. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

For all of these reasons, Fette did not timely file his petition.  The Court will therefore deny Fette federal habeas relief.

## V

Fette "concedes that he has missed the statutory one-year time limit in which to file his § 2254 petition." (Fette Resp. Br., ECF No. 10, ECF No.510.)  But he argues that the Court should equitably toll that limitations period.  The Court has carefully reviewed Fette's equitable tolling argument and concludes that he not entitled to relief on that basis.

A habeas petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Fette insists that the Court should equitably toll AEDPA's limitations period because he has a

mental illness and a learning disability.  A habeas petitioner's mental incompetence may constitute an extraordinary circumstance which justifies equitable tolling of the one-year period, but only if that condition prevents the timely filing of a habeas petition. *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). "To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Id.*; see also *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness— mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period.").

Fette has not met this standard.  He primarily relies on medical records from the Michigan Department of Corrections to substantiate his equitable tolling claim. The earliest record comes from August 25, 2014, when a behavioral health screening was performed. The examiner found that Fette had "mild to moderate problems attending, concentrating, and focusing, and moderate problems avoiding distractions throughout the day." (ECF No. 12, PageID.531.) "Overall his test results indicate that he is at a mild clinical risk for ADHD." (*Id.*, PageID.534.)  Next, a social worker's May 2015 review of Fette's annual treatment plan indicated that Fette did not suffer from intellectual impairment. (*See id.*, PageID.528.)  And the social worker noted that Fette's "intelligence helps him cope with the residue of some harsh

developmental experiences, and his incarceration." (*Id.*) Further evaluations performed in 2015 and 2016 indicated that Fette's chief concerns revolved around anxiety and depression. (*See id.*, PageID.524, 526-527.)   In 2017, Fette was evaluated by a clinical social worker when he requested legal assistance by the prison legal writer's program. (*See id.*, PageID.522.) The evaluator noted that normally, Fette would not qualify because he had earned a GED. (*See id.*, PageID.522-523.) The evaluator nevertheless opined that "it is apparent that the ADHD is still a significant problem and I authorized him to get legal assistance through the legal writer program." (*Id.*)   Finally, a January 2020 evaluation indicated that Fette suffered from depression and mood irritability. (*See id.*, PageID.519.) It further noted that Fette was "oriented to person, place, time and situation," that his "intellect is average," that his "reasoning is fair," and his "thought processes are logical." (*Id.*, PageID.520.) It also reflected that Fette had been diagnosed as having antisocial personality disorder. (*See id.*, PageID.520-21.)

These records, when considered as a whole, do not establish a sufficient mental impairment to warrant equitable tolling of AEDPA's statute of limitations. While the records show that Fette's ADHD condition qualified him for legal assistance from fellow prisoners, they do not substantiate his claim that he was so mentally incompetent that he was unable to timely file his habeas petition. Indeed, Fette demonstrated an ability to timely file a habeas petition when he filed his first,

unexhausted petition in 2011. While the Court does not wish to minimize the impact Fette's ADHD may have on his life, he has not shown that it prevented him from timely complying with AEDPA's statute of limitations in a manner that would justify equitable tolling.

Finally, this case is distinguishable from the Sixth Circuit's decision in *Ata*, *supra*, on which Fette relies.  In *Ata*, the Sixth Circuit held that a habeas petitioner had presented sufficient evidence that he was entitled to an evidentiary hearing on his claim for equitable tolling based on mental incompetence.  But in *Ata*, the petitioner suffered from paranoid schizophrenia and other psychoses and was placed in a special residential unit within the Michigan Department of Corrections. *See Ata*, 662 F.3d at 743-44.  Thus, the petitioner suffered from more serious conditions than Fette has here.  Moreover, the petitioner in *Ata* presented substantially more evidence supporting his incompetence.  The facts that exist here are unlike those that were present in *Ata*.

For all of these reasons, Fette is not entitled to equitable tolling of AEDPA's statute of limitations.  The Court therefore declines to equitably toll AEDPA's limitation period, grants Respondent's motion to dismiss, denies Fette's motion, and dismisses Fette's petition with prejudice.

10

# VI

Before Fette may appeal this Court's decision, he must obtain a certificate of appealability. *See* 28 U.S.C § 2253(c)(3).  In cases where the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *See Castro v. United States* 310 F.3d 900, 901 (6th Cir. 2002).

Here, reasonable jurists would not debate the correctness of the Court's procedural ruling that Fette's petition is time-barred.  The Court therefore **DENIES** Fette a certificate of appealability.

Finally, although this Court declines to issue Fette a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis

status if it finds that an appeal is being taken in good faith. *See id.* at 764-65; 28

U.S.C. § 1915(a)(3); Fed. R.App.24 (a). Although jurists of reason would not debate

this Court's resolution of Fette's claims, an appeal could be taken in good faith.

Accordingly, the Court **GRANTS** Fette permission to proceed *in forma pauperis* on

appeal.

## VII

For the reasons stated above, the Court **GRANTS** Respondent's motion for

dismiss (ECF No. 10), **DENIES** Fette's motion to proceed timely (ECF No. 2),

**DISMISSES** Fette's habeas petition (ECF No. 1) **WITH PREJUDICE**, **DENIES**

Fette a certificate of appealability, and **GRANTS** Fette permission to appeal *in*

*forma pauperis*.

    **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 3, 2020


I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on December 3, 2020, by electronic means and/or ordinary
mail.

s/Holly A. Monda
Case Manager
(810) 341-9761